Deaderick:, J.,
delivered the opinion of the court.
At the September Term, 1871, of the Circuit Court of Davidson County, a judgment for costs was rendered against the plaintiffs on a verdict of the jury against them, and they have appealed to this court.
They had brought suit against the defendant, who *672 was the proprietor of an omnibus line from Nashville to Edgefield, for injuries received by Mrs. Lawrence while a passenger on the omnibus.
The driver stopped the omnibus in Edgefield, upon slightly descending ground, to let out passengers, and handing the reins to a small boy who was .sitting by him, left his seat to deliver a keg of sugar which was on the top of the omnibus.
Mrs. Lawrence was then the only passenger remaining inside. While the driver was handing down the keg the horses started. The boy called to him, and in attempting to take the reins they dropped to the ground, the horses turned off to one side of the street, the driver and boy jumped from their seats, and Mrs. Lawrence either jumped out, or was thrown out, and was seriously and permanently injured.
The court allowed a witness to testify over the objection oí the plaintiffs as follows:
“ If the driver knows that the horses are gentle, and a boy is there, and the driver .hands him the reins, and he goes and puts off the packages, there is nothing imprudent in it, even on a slight grade. That is the universal custom. The best and most cautious drivers do it. I have done it a thousand times myself.”
The Judge refused to charge the following, as requested by the plaintiff’s counsel:
“If the defendant’s driver gave the lines to a little boy, who was incompetent to hold the horses on a down grade, and they ran off with the omnibus, whereby the plaintiff was injured; or if the driver while driv *673 ing down grade stopped the team and'omnibus by means ' of his lines and brake, to let some of his passengers out of the omnibus, and after they got out the driver took his foot off the brake, got up, and left his seat, to hand down a keg of sugar, without first committing the brake and the lines to a person competent to hold them; or if he intrusted the lines to an incompetent person, and while he was away from his seat the omnibus moved upon the horses, and they ran away, thereby injuring the plaintiff, this was negligence, for which defendant would be liable.”
This request comprehends three distinct propositions, which the court refused to charge.
The first and last are sound law, and should have been given in charge by the court.
The second, in assuming that the lines and brake-should both have been committed to competent hands, may not be technically accurate, as the law requires only such care as is sufficient to prevent the occurrence of an accident, which, so far as we can see, might have been prevented by a competent person in charge of the lines, even if the brake was not attended to.
The charge of the court, in defining the duty of the defendant to have careful drivers, safe horses, and sound harness, vehicles, etc., is accurate. So also as to his liability for negligence, etc.; but the objection to it is that it is general and indefinite in its terms, and although not inaccurate, it is not an explicit statement of the law upon the facts of the case, as-developed by the evidence
*674 The right of the plaintiff to instructions upon the points presented in his request, was manifest, because' there was evidence tending to establish the facts assumed ; and it was important,- because of the admission of the evidence over his objection.
"With the charge of the court as to the duty of the carrier to have safe horses, sound vehicles, gearing/etc., and a skillful and competent driver; and with evidence from multitudes of passengers that they had often passed over the road with this same team and driver without accident, and that the driver was very careful, and the horses very gentle; and with the testimony of an old driver, that there was no want of care in the driver's leaving his horses in charge of a small boy ten or eleven years of age, on •a down grade, and as proof of it that he had done it a thousand times himself, and that such was the custom of careful drivers, the jury may well have been misled from the true issue in the case; i. e., was there negligence in the conduct of the driver at the time of the accident?
If the injury was caused by his negligence at that time, no matter what might have been his good fortune theretofore in escaping accident, the defendant is liablé.
The judgment will be reversed, and a new trial awarded.